1

2

3

4            **UNITED STATES DISTRICT COURT**

5                **DISTRICT OF NEVADA**

6                      * * *

7   DOMINGO RAMIREZ MENDEZ,

8              Petitioner,                          Case No.: 2:26-cv-00375-RFB-DJA

9       v.                                   **ORDER GRANTING WRIT OF HABEAS**
                                                            **CORPUS**
10

11  JASON KNIGHT, *et al*.,

12             Respondents.

13

14        Before the Court is Petitioner Domingo Ramirez Mendez's (ECF No. 1) Verified Petition

15  for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241, challenging the lawfulness

16  of his detention at Nevada Southern Detention Center ("NSDC") in the custody of Immigration

17  and Customs Enforcement ("ICE"). He asserts he is entitled to relief as a member of the certified

18  nationwide "Bond Eligible Class" pursuant to the final declaratory judgment entered in Maldonado

19  Bautista v. Santacruz, 5:25-cv-01873-SSS-BFM, --- F. Supp.3d ---, 2025 WL 3713987 (C.D. Cal.

20  Dec. 18, 2025), because he (1) entered the U.S. without inspection, (2) was not apprehended upon

21  arrival to the U.S. and (3) is not or will not be subject to detention under 8 U.S.C. §§ 1226(c),

22  1225(b)(1), or 1231. Verified Petition ("Pet.") at 2-3, ECF No. 1. The Maldonado Bautista

23  judgment declared that Bond Eligible Class members are detained under 8 U.S.C. § 1226(a), not

24  subject to mandatory detention under § 1225(b)(2), and are entitled to consideration for release on

25  bond by immigration officers and, if not released, a custody redetermination hearing before an

26  immigration judge pursuant to 8 C.F.R. §§ 236.1, 12361.1, and 1003.18. See Maldonado Bautista

27  v. Noem, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025). Petitioner

28  separately asserts his detention by Respondents without a bond hearing under 8 U.S.C. §

1  1225(b)(2)(A) without the opportunity for release on bond violates the Immigration and

2  Nationality Act (INA) and his due process rights under the Fifth Amendment. See Pet. at 6-7, ECF

3  No. 1.

4       Federal Respondents'[1] ("Respondents") Return to the Petition concedes that Petitioner is a

5  member of the Maldonado Bautista class but asserts that Petitioner's reliance on that case "is

6  misplaced, because the Court in that case did not issue a class-wide declaratory judgment," which

7  is simply not the case. See Federal Respondents' Return ("Return"), ECF No. 7 at 1, but see

8  Maldonado Bautista, 2025 WL 3678485 (final declaratory judgment certified under Federal Rule

9  of Civil Procedure 54(b)). Federal Respondents in this matter were Respondents in the Maldonado

10  Bautista action and are thus bound by the declaratory judgment, yet they continue to subject

11  Petitioner to the mandatory detention policies the Maldonado Bautista court declared unlawful.

12  The only authority Respondents provide for continuing to detain Petitioner without a bond hearing

13  is their novel statutory interpretation of § 1225(b)(2)(A), which this Court has also repeatedly

14  found is unlawful. See, e.g., Jacobo-Ramirez v. Noem, No. 2:25-cv-02136-RFB-MDC, 2026 WL

15  310090 (D. Nev. Feb. 5, 2026) (collecting cases). For the following reasons, the Court finds

16  Petitioner is entitled to relief as a Bond Eligible Class member in Maldonado Bautista, and

17  separately and independently finds Respondents' ongoing detention of Petitioner under §

18  1225(b)(2)(A) is unlawful under the INA and unconstitutional under the Due Process Clause of

19  the Fifth Amendment. Accordingly, the Court grants the Petition and orders Respondents to

20  provide Petitioner a prompt bond hearing or immediately release him from custody.

21       The Court makes the following findings of fact. Petitioner is a noncitizen who has resided

22  in this country for approximately eighteen years after entering without inspection in or around

23  2008. Pet. at 1, ECF No. 1. On January 28, 2026, he was taken into custody by ICE "287G task

24  force officers" after a traffic stop. Id., Ex. A., Form I-213, ECF No. 1 at 12. He was arrested

25  without a warrant and without any individualized determination by ICE officers that his detention

26  

———————————

27     [1] Respondent John Mattos, as Warden of NSDC where Petitioner is currently detained,
states he has "no independent authority to release Petitioner" and takes "no position on the habeas

28  or bond relief sought." See Respondent John Mattos' Response to Order to Show Cause, ECF No.
9.

was justified. Id. According to the DHS Form I-213 as to Petitioner, when ICE took Petitioner into custody, the Department of Homeland Security ("DHS") commenced removal proceedings against him, charging him as being present in the United States without admission or parole and therefore removable pursuant to 8 U.S.C. § 1182(a)(6)(A)(i). Id. However, Respondents have failed to produce any Notice to Appear served on Petitioner that commenced his current removal proceedings, despite being ordered to do so by this Court. See February 18, 2026 Order to Show Cause, ECF No. 5.

On February 10, 2026, Petitioner sought a custody redetermination hearing (i.e. bond hearing) before the Las Vegas Immigration Court pursuant to 8 C.F.R. § 1236. See Return, Ex. B, Motion to Determine Bond, ECF No. 7-2. Petitioner's counsel asserted the class wide declaratory judgment in Maldonado Bautista entitled Petitioner, as a member of the certified "Bond Eligible Class," to an individualized bond hearing under § 1226(a) and its implementing regulations. See id. On February 11, 2026, the immigration judge (IJ) nevertheless refused to consider Petitioner's eligibility for bond, finding that she lacked jurisdiction to do so because she was bound to follow the Board of Immigration Appeals precedential decision in Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025) [hereinafter "Hurtado"] since the Maldonado Bautista Court did not vacate Hurtado under the Administrative Procedures Act (APA). See Return, Ex. C, Order of IJ, ECF No. 7-3. However, on February 18, 2026, the Maldonado Bautista Court vacated Hurtado under the APA, 5 U.S.C. § 706(2)(A). See Maldonado Bautista v. Noem, No. 5:25-CV-01873-SSS-BFM, 2026 WL 468284 (C.D. Cal. Feb. 18, 2026). Consequently, the IJ's legal basis for not providing Petitioner with the relief of an individualized bond hearing is now void. Respondents, including the immigration court, are directed to provide Petitioner with a bond hearing as required by Maldonado Bautista.

Further, this Court independently rejects Respondents' and Hurtado's statutory interpretation of § 1225(b)(2)(A) as applied to noncitizens like Petitioner, who was arrested by ICE far from any border or port of entry after nearly two decades of residence in this country. Respondents concede that this case is controlled by this Court's prior decisions in similar cases and do not offer any compelling reason this Court should not grant the same relief it has granted

1  to dozens of similarly situated noncitizen habeas petitioners. The Court incorporates by reference

2  its rulings on Respondents' arguments as to jurisdiction, administrative exhaustion, detention

3  under the INA and due process from its decisions in Posada v. Noem, No. 2:26-cv-00050-RFB-

4  BNW, 2026 WL 194715 (D. Nev. Jan. 26, 2026), Jacobo Ramirez v. Noem, No 2:25-cv-02136-

5  RFB-MDC, 2025 WL 3270137 (D. Nev. Nov. 24, 2025), Escobar Salgado v. Mattos, No. 2:25-cv-

6  01872-RFB-EJY, 2025 WL 3205356 (D. Nev. Nov. 17, 2025). Consistent with its prior decisions,

7  the Court finds the government's application of § 1225(b)(2)(A) to Petitioner is unlawful under

8  the INA and unconstitutional under the Due Process Clause of the Fifth Amendment.

9      The Court is not persuaded to reconsider its statutory[2] analysis by the small pool of

10  nonbinding case law Respondents cite, including the Fifth Circuit decision in Buenrostro-Mendez

11  v. Bondi, 166 F.4th 494 (5th Cir. 2026) for many of the reasons identified in dissent by Judge

12  Douglas, see id., at 508-521 (Douglas, J., dissenting), and by other district courts. See, e.g.,

13  Carbajal v. Wimmer, No. 2:26-CV-00093, 2026 WL 353510 (D. Utah Feb. 9, 2026); Singh v.

14  Baltazar, No. 1:26-CV-00336-CNS, 2026 WL 352870 (D. Colo. Feb. 9, 2026).

15      The Court therefore orders Respondents to provide Petitioner a constitutionally adequate

16  bond hearing pursuant to 8 U.SC. § 1226(a) and its implementing regulations, wherein the

17  government bears the burden of establishing, by clear and convincing evidence, an individualized,

18  constitutionally recognized interest in civilly detaining Petitioner, i.e., that his detention is

19  necessary to prevent danger to the community or to ensure his future appearance at removal

20  proceedings. See Singh v. Holder, 638 F.3d 1196, 1203 (9th Cir. 2011) ("Given the substantial

21  liberty interest at stake . . . we hold that the government must prove by clear and convincing

22  evidence that an alien is a flight risk or a danger to the community to justify denial of bond.")

23  abrogation on other grounds recognized by Rodriguez Diaz v. Garland, 53 F.4th 1189 (9th Cir.

24  2022); see also Martinez v. Clark, 124 F.4th 775, 785 (9th Cir. 2024) ("[T]he BIA properly noted

25  that the government bore the burden to establish by clear and convincing evidence that [a detained

26

27  [2] The Court notes the Fifth Circuit did not consider a due process challenge to the government's new interpretation of § 1225(b)(2)(A). See Oral Argument, Buenrostro-Mendez v. Bondi, No. 25-20496, 44:56-45:11 (5th Cir. Feb. 3, 2026), available at

28  https://www.ca5.uscourts.gov/OralArgRecordings/25/25-20496_2-3-2026.mp3 (counsel for the government stating "[t]here's not . . . a due process claim here.").

noncitizen] is a danger to the community).

Consistent with its broad equitable authority to fashion a remedy for unlawful detention "as law and justice require," and considering the constitutional injury Petitioner has suffered and continues to suffer due to Respondents continued enforcement of unlawful detention policies, the Court orders Respondents to provide a bond hearing promptly, no later than **March 4, 2026**, or immediately release him from custody on his own recognizance. See Carafas v. LaVallee, 391 U.S. 234, 238 (1968).

Based on the foregoing **IT IS HEREBY ORDERED** that the (ECF No. 1) Petition for Writ of Habeas Corpus is **GRANTED**.

**IT IS FURTHER ORDERED** that Respondents must provide Petitioner with a constitutionally adequate bond hearing pursuant to 8 U.S.C. § 1226(a), where the government bears the burden of establishing dangerousness or flight risk by clear and convincing evidence, no later than **March 4, 2026**. The immigration court must create a contemporaneous record of the bond hearing that is available to Petitioner upon request, see Singh, 638 F.3d at 1208, and consider Petitioner's financial circumstances as well as possible alternative release conditions in setting bond, see Hernandez v. Sessions, 872 F.3d 976, 990 (9th Cir. 2017).

**IT IS FURTHER ORDERED** that if bond is granted, Respondents are **ORDERED** to **IMMEDIATELY RELEASE** Petitioner from detention. The Court has received notice of the hardship other petitioners have incurred in their efforts to satisfy bond through ICE payment portals, and, therefore, **IT IS FURTHER ORDERERD** that Petitioner be afforded until **April 6, 2026** to satisfy any monetary bond conditions.

**IT IS FURTHER ORDERED** that Respondents are **PERMANENTLY ENJOINED** from invoking 8 C.F.R. § 1003.19(i)(2) to continue Petitioner's detention, as the Court has already found the regulatory automatic stay is facially unconstitutional and adopts that finding here. See Herrera v. Knight, 798 F. Supp. 3d 1184 (D. Nev. 2025).

**IT IS FURTHER ORDERED** that if a constitutionally adequate bond hearing is not conducted by **March 4, 2026**, Respondents must **IMMEDIATELY RELEASE PETITIONER** from custody **ON HIS OWN RECOGNIZANCE**.

1    **IT IS FURTHER ORDERED** that Respondents are **PERMANENTLY ENJOINED**

2    from detaining Petitioner during the pendency of his current removal proceedings unless and until

3    it is determined that his detention is warranted under § 1226(a) *after* a constitutionally adequate

4    bond hearing.

5    **IT IS FURTHER ORDERED** that Respondents are **PERMANENTLY ENJOINED**

6    from detaining Petitioner pursuant to 8 U.S.C. § 1225(b)(2)(A).

7    **IT IS FURTHER ORDERED** that the Parties shall file a joint status report by **March 5,**

8    **2026**. The status report shall detail if the bond hearing occurred, if bond was granted or denied,

9    and, if denied, the reasons for that denial. If the bond hearing has not occurred or bond was granted,

10   the status report shall confirm Petitioner's release from detention in compliance with this Order.

11   The Clerk of Court is instructed to enter judgment accordingly and close this case. The

12   Court retains jurisdiction to enforce its order and judgment. Petitioner may move to reopen this

13   case to enforce the judgment without filing a separate case. The Court also retains jurisdiction to

14   consider Petitioner's request for fees and costs pursuant to the 28 U.S.C. § 2412. Petitioner may

15   file an application for fees and costs consistent with the deadlines and requirements set forth in 28

16   U.S.C. § 2412 and this Court's Local Rules of Practice 54-1 and 54-14.

17   **DATED:** March 2, 2026.

18

19   _____

20   **RICHARD F. BOULWARE, II**
     **UNITED STATES DISTRICT JUDGE**

21

22

23

24

25

26

27

28